*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

RUBEN TOMASSINI,                    :
                                    :   Civ. No. 22-405 (RMB-MJS)
                  Plaintiff.        :
                                    :
        v.                          :
                                    :          **OPINION**
JONATHAN L. YOUNG, SR., et al.,     :
                                    :
                  Defendants.       :
_____        :

RENÉE MARIE BUMB, United States District Judge

Plaintiff Ruben Tomassini, a pretrial detainee confined in Camden County Correctional Facility ("CCCF") in Camden, New Jersey, filed this civil rights action on January 27, 2022, alleging unconstitutional conditions of confinement. This Court has received Plaintiff's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) ("*in forma pauperis*" or "IFP"), which establishes his financial eligibility to proceed with IFP status.

I.      *Sua Sponte* **Dismissal**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such

relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

## II. THE COMPLAINT

Plaintiff brings this civil rights action against Camden County Freeholder Liaison Jonathan L. Young, Sr., CCCF Warden Karen Taylor, and CCCF Department Director David Owens. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and makes the following allegations in his complaint (Docket No. 1), accepted as true for the purpose of screening the complaint for dismissal. Defendants, who hold supervisory positions at CCCF, provided inadequate training for correctional officers and allowed illegal procedures to go on under their authority, including correctional officers allowing inmates to have razors and not patrolling Plaintiff's tier. (Compl., Docket No. 1 at 7.) The correctional officers only come on the tier to serve food or call inmates for appointments. (*Id.*) At all other times, the correctional

officers sit in "the bubble" where they do not pay attention to what goes on in the cells, leaving the inmates in danger. (Compl., Docket No. 1 at 7.)

Plaintiff further alleges that Defendants allowed COVID-19 to spread throughout Tier 4NA due to improper sanitization and quarantine procedures, causing him to be exposed to the virus on six different occasions. (*Id.* at 8.) For example: (1) during quarantines, inmates touched other inmates' trays; (2) inmates mingled with others without surgical masks; (3) correctional officers did not provide inmates with cleaning supplies on Tier 4NA; (4) CCCF did not force inmates to wear surgical masks or maintain six feet apart; (5) inmates moved to different rooms during COVID-19 surges, specifically the December 2021 quarantine on Tier 4NA; (6) correctional officers are not vaccinated nor tested daily; and (7) COVID-19 exposed inmates sat in a cell, untested, for 14–21 days. (*Id.* at 8–9.) During tier quarantines, correctional officers deprived inmates of showers, phone calls, and other privileges they would otherwise possess. (*Id.*) For relief, Plaintiff seeks damages.

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To succeed on a § 1983 claim, a plaintiff must allege two things:  first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Fourteenth Amendment Equal Protection Claims

"The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.'" *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). "To state an equal-protection claim, Plaintiffs must allege (and ultimately prove) 'intentional discrimination'" that targets a readily identifiable group. *Hassan v. City of New York*, 804 F.3d 277, 294 (3d Cir. 2015), *as amended* (Feb. 2, 2016); *Washington v. Davis*, 426 U.S. 229, 241 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 276 (1979)). Alternatively, under the "class of one theory" plaintiffs must allege facts showing "that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff has not alleged either intentional discrimination against him as a member of an identifiable group or that he was treated differently, as a class of one, with no rational basis.  Therefore, his Fourteenth Amendment Equal Protection claims will be dismissed.

**B.    Eighth Amendment Claims**

Turning to Plaintiff's Eighth Amendment claim, "[w]hile the Eighth Amendment prohibits the infliction of cruel and unusual punishment upon prisoners, it applies only 'after [the State] has secured a formal adjudication of guilt in accordance with due process of law.'" *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n. 40 (1977)). "Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process [C]lause" of the Fourteenth Amendment. *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987) (citations omitted); *Hubbard v. Taylor*, 399 F.3d 150, 158-60 (3d Cir. 2005) (describing due process protections over conditions of pretrial confinement) Plaintiff is a pretrial detainee. Therefore, the Eighth Amendment is inapplicable to him, and the Eighth Amendment claim will be dismissed with prejudice. Instead, the Court will construe his conditions of confinement claims as brought under the Fourteenth Amendment Due Process Clause.

**C.    Fourteenth Amendment Claims**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from conditions that amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Whether a condition of confinement amounts to unconstitutional punishment requires a showing by Plaintiff of both objective and subjective

components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether 'the deprivation [was] sufficiently serious' and the subjective component asks whether 'the officials act[ed] with a sufficiently culpable state of mind[.]'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing of an express intent to punish or that the condition is not related to a legitimate governmental objective or is excessive. *Id.; Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021). To determine whether conditions of confinement amount to punishment, courts must consider the totality of the circumstances, and keep in mind that conditions generally do not violate the Constitution unless inmates endure "genuine privations and hardship over an extended period of time." *Bell*, 441 U.S. at 542.

2.    COVID-19 conditions of confinement

Plaintiff has not alleged sufficient facts for this Court to conclude that his exposure to COVID-19 was sufficiently serious to result in a genuine hardship over an extended period of time. Plaintiff has not alleged that (1) he was infected with COVID-19, and that he suffered serious symptoms as a result of having COVID-19; or (2) that he was particularly vulnerable to serious medical complications if he was not protected from exposure to COVID-19. With respect to the deprivations of showers, phone calls and other privileges while detainees were quarantined in their cells, Plaintiff has not sufficiently alleged how these conditions were excessive to the legitimate governmental interest in stopping the spread of COVID-19 when detainees who were living in close quarters had been exposed to the virus. Therefore, the

Eighth Amendment claims related to COVID-19 exposure and quarantine conditions will be dismissed without prejudice.  The Court turns to Plaintiff's claims that the supervisory defendants failed to supervise the corrections officers who permitted inmates to have razors and failed to patrol the tier to protect detainees' safety.

2.   Supervisory liability for lax security

Plaintiff alleges that Freeholder Liaison Young, Warden Taylor, and Department Director Owens are liable for failure to train and supervise their subordinates related to lax security conditions in CCCF. Under § 1983, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Rather, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, supervisors may be liable if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Failure to train and failure to supervise claims are a subcategory of policy and practice liability.  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307,  316 (3d Cir. 2014), *cert. granted*, *judgment rev'd sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). To succeed on such a claim, a plaintiff must

> identify a supervisory policy or procedure that the
> supervisor defendant failed to implement, and prove that:
> (1) the policy or procedures in effect at the time of the
> alleged injury created an unreasonable risk of a
> constitutional violation; (2) the defendant-official was
> aware that the policy created an unreasonable risk; (3) the
> defendant was indifferent to that risk; and (4) the

>constitutional injury was caused by the failure to
>implement the supervisory procedure.

Barkes, 766 F.3d at 330 (citations omitted). With respect to a claim of failure to train,

"for liability to attach ... the identified deficiency in a city's training program must be

closely related to the ultimate injury." *Sample v. Diecks*, 885 F.2d 1099, 1117 (3d Cir.

1989) (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

Plaintiff has not alleged that Defendants had final policymaking authority, nor

has he alleged a specific supervisory procedure or training program that Defendants

failed to employ which was the cause of the alleged lax security conditions in CCCF

that was excessive to a legitimate governmental objective. Therefore, the Court turns

to the second manner of alleging supervisory liability under § 1983.

Supervisors may also be liable if "'as the person[s] in charge, [they] had

knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v.*

*Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K.*, 372

F.3d at 586) (second alteration added)).

>Actual knowledge "can be inferred from circumstances
>other than actual sight." *Baker v. Monroe Twp.*, 50 F.3d
>1186, 1194 (3d Cir. 1995). Acquiescence is found "[w]here
>a supervisor with authority over a subordinate knows that
>the subordinate is violating someone's rights but fails to act
>to stop the subordinate from doing so, the factfinder may
>usually infer that the supervisor 'acquiesced' in (i.e., tacitly
>assented to or accepted) the subordinate's conduct."
>*Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.
>1997).

*Festa v. Jordan*, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2011). Here, Plaintiff has not

alleged any facts that would allow a reasonable inference that the supervisory

defendants knew of and acquiesced in the corrections officers' failure to patrol the tier to protect Plaintiff's safety or that corrections officers allowed detainees to have razors under conditions that posed a threat to other detainees.  Therefore, Fourteenth Amendment conditions of confinement claim against the supervisory defendants will also be dismissed without prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice for failure to state a claim.

An appropriate Order follows.

**DATE:  July 6, 2022**            s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge